STEPHEN P. SONNENBERG (CA SB# 164881;
NY SB# 4431540)
stephensonnenberg@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 East  55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090

MARIA A. AUDERO (SB# 210141)
mariaaudero@paulhastings.com
COLBY MILLS (SB # 271321)
colbymills@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, California  90071-2228
Telephone: (213) 683-6000
Facsimile:  (213) 627-0705

THOMAS E. GEIDT (SB# 80955)
tomgeidt@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
BANK OF AMERICA, N.A.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JORGE A. PINEDA, individually
and on behalf of other persons
similarly situated,

             Plaintiff,

    vs.

BANK OF AMERICA, NATIONAL
ASSOCIATION; and DOES 1
through 50,

             Defendants.

Case No. CV11-0606 EMC

**NOTICE OF FILING WITH THE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION A
NOTICE OF POTENTIAL TAG-
ALONG ACTION**

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
2   COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF
3   JORGE A. PINEDA, AND TO PLAINTIFF'S ATTORNEYS OF RECORD,
4   DENNIS F. MOSS, ESQ., GREG KARASIK, ESQ., AND THE LAW OFFICES
5   OF SPIRO MOSS LLP; SAHAG MAJARIAN II, AND THE LAW OFFICES OF
6   SAHAG MAJARIAN II:
7
8          Defendant Bank of America, N.A. hereby notifies the Court, Plaintiff, and
9   Plaintiff's attorneys of record that, on February 10, 2011, Defendant filed with the
10  Judicial Panel on Multidistrict Litigation ("JPML") a Notice of Potential Tag-Along
11  Action, identifying this case as a potential tag-along action to MDL No. 2138, *In
12  Re: Bank of America Wage and Hour Employment Practices Litigation* ("Notice"),
13  currently pending in the United States District Court, District of Kansas, Case No.
14  10-MD-2138-JWL-KGS.
15         Attached hereto as Exhibit A is a copy of the Notice and all attachments filed
16  with the JPML.
17
18  Date: February 11, 2011      PAUL, HASTINGS, JANOFSKY & WALKER LLP
19                               STEPHEN P. SONNENBERG
                                 MARIA A. AUDERO
20                               THOMAS E. GEIDT
                                 COLBY MILLS
21
22                               By:         /s/ MARIA A. AUDERO
23                                              MARIA A. AUDERO
24                               Attorneys for Defendant
                                 BANK OF AMERICA, N.A.
25
26
27
28

# EXHIBIT A

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

IN RE:

BANK OF AMERICA
WAGE AND HOUR EMPLOYMENT
PRACTICES LITIGATION

MDL DOCKET NO. 2138

## NOTICE OF POTENTIAL TAG-ALONG ACTION

**McGuireWoods LLP**
Michael D. Mandel, Esq.
McGuireWoods LLP
1800 Century Park East
8th Floor
Los Angeles, California
Telephone: (310) 315-8200
Fax: (310) 315-8210
mmandel@mcguirewoods.com

Counsel for Defendants
Bank of America Corporation and
Bank of America, N.A.

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL-2138 - In re Bank of America Wage and Hour Litigation

### SCHEDULE OF POTENTIAL TAG-ALONG ACTION

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Jorge A. Pineda<br><br>**Defendants:**<br>Bank of America, N.A., and<br>DOES 1 through 50, inclusive | N.D. Cal. | 3:11-cv-606-EMC | Magistrate Judge<br>Edward M. Chen |

The operative Complaint in the Scheduled Action alleges that Bank of America failed to pay final wages to terminated employees within the time limits prescribed by Cal. Labor Code sections 201 and 202. It alleges a putative class of "All persons whose employment with Bank of America in California ended during the period beginning four years prior to the filing of this action and ending on the date notice of this lawsuit is mailed to the class, whose final wage payment occurred after their last date of employment." *See* Exhibit 2, Complaint, ¶ 9. The Complaint seeks recovery of penalties pursuant to Cal. Labor Code section 203 and restitution pursuant to Cal. Bus. & Prof. Code section 17200, et seq. on behalf of the putative class. The putative class encompasses all former employees of Bank of America, without distinguishing between employees who are exempt from the overtime requirements of California law ("exempt" employees) and those who are not ("non-exempt" employees).

The Consolidated Complaint in MDL-2138 seeks penalties on behalf of a putative class of all current and former *non-exempt* employees of BOA who have worked in California at a retail bank branch since February 13, 2005, or at a call center since November 23, 2005. *See* Dkt. # 42, ¶¶ 74-75 and 113-118 in KS 2:10-md-02138. The Consolidated Complaint in MDL-

2138 also seeks restitution pursuant to Cal. Bus. & Prof. Code section 17200, et seq. on behalf of the same putative class of *non-exempt* employees. *See* Dkt. # 42, ¶¶ 132-143. in KS 2:10-md-02138.

Therefore, Defendants respectfully suggest to the Panel that, to the extent it intends to transfer the Scheduled Action, it transfer the Scheduled Action only as it pertains to *non-exempt* employees, and not transfer the portion of the Scheduled Action pertaining to exempt employees. By filing this Notice of Potential Tag-Along Action, Defendants do not concede that the Scheduled Action is in fact a tag-along action under the Panel's Rules, in whole or in part, and hereby expressly reserve their right to oppose any conditional transfer order issued with respect to the Scheduled Action.

Dated: February 10, 2011

MCGUIREWOODS LLP

/s/ Michael D. Mandel
Michael D. Mandel, Esq.
Attorney for Defendants
Bank of America Corporation and
Bank of America, N.A.

## CERTIFICATE OF SERVICE

On February 10, 2011, I electronically filed this document (NOTICE OF POTENTIAL TAG-ALONG ACTION, SCHEDULE OF POTENTIAL TAG-ALONG ACTION, AND DOCKET SHEET AND OPERATIVE COMPLAINT FOR THE POTENTIAL TAG-ALONG ACTION) through the CM/ECF system, which will send a notice of electronic filing to:

All registered CM/ECF users associated with MDL-2138

I also caused an e-mailed copy of this document and the notice of electronic filing to be sent to:

| Attorney | Email Address | Parties Represented |
|---|---|---|
| George Hanson, Esq. Stueve Siegel Hanson LLP | hanson@stuevesiegel.com | Transferee Court-Appointed Liaison Counsel for MDL Plaintiffs (See Dkt. #32 in KS No. 2-10-md-02138-JWL-KGS) |
| Virginia Crimmins, Esq. Stueve Siegel Hanson LLP | crimmins@stuevesiegel.com | Transferee Court-Appointed Liaison Counsel for MDL Plaintiffs (See Dkt. #32 in KS No. 2-10-md-02138-JWL-KGS) |

I also am contemporaneously causing to be served by first-class U.S. mail a copy of this document to all counsel of record in the potential tag-along action:

| Attorney | U.S. Mail or Email Address Being Noticed | Parties Represented | Civil Action |
|---|---|---|---|
| Dennis F. Moss, Esq. and Justian Jusuf, esq.; Spiro Moss LLP | 11377 W. Olympic Blvd., 5th Fl. Los Angeles, CA 90064 | Jorge A. Pineda | N.D. Cal. 3:11-cv-606-EMC |
| Sahag Majarian, Esq. Sahag Majarian | 18250 Ventura Boulevard Tarzana, CA 91356 | Jorge A. Pineda | N.D. Cal. 3:11-cv-606-EMC |
| Maria A. Audero, Esq.; Paul, Hastings, Janofsky & Walker LLP | 515 South Flower Street, 25th Floor, Los Angeles, CA 90071 | Bank of America, N.A. | N.D. Cal. 3:11-cv-606-EMC |

/s/ Michael D. Mandel
Michael D. Mandel, Esq.
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, California
Telephone: (310) 315-8200
Fax: (310) 315-8210
mmandel@mcguirewoods.com
Attorneys for Bank of America Corporation and
Bank of America, N.A.

ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11−cv−00606−EMC

Pineda v. Bank of America, National Association
Assigned to: Magistrate Judge Edward M. Chen
Case in other court: San Francisco Superior Court, CGC
                07−468417
Cause: 28:1441 Petition for Removal

Date Filed: 02/09/2011
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Plaintiff**

**Jorge A. Pineda**
*individually and on behalf of other*
*persons similarly situated*

represented by **Justian Jusuf**
Spiro Moss Barness LLP
11377 West Olympic Blvd.
5th Floor
Los Angeles, CA 90064
310−235−2468 x2443
Fax: 310−235−2456
Email: justian@spiromoss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dennis Frank Moss**
Spiro Moss LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
310−235−2468
Fax: 310−235−2456
Email: dennisfmoss@yahoo.com
*ATTORNEY TO BE NOTICED*

**Sahag Majarian**
Attorney at Law
18250 Ventura Blvd
Tarzana, CA 91356
(818) 609−0807
Fax: (818) 609−0892
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bank of America, National Association**

represented by **Maria Alicia Audero**
Paul Hastings Janofsky &Walker
515 South Flower Street
25th Floor
Los Angeles, CA 90071
(213) 683−6307
Fax: (213) 627−0705
Email: mariaaudero@paulhastings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colby Mills**
Paul Hastings Janofsky &Walker LLP
515 South Flower Street
25th Floor
Los Angeles, CA 90071−2228
(213) 683−6000
Fax: (213) 327−0705
*ATTORNEY TO BE NOTICED*

**Stephen Philip Sonnenberg**
Paul Hastings Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
New York, NY 10022
(212) 318–6000
Fax: (212) 319–4090
Email: stephensonnenberg@paulhastings.com
*ATTORNEY TO BE NOTICED*


**Thomas E. Geidt**
Paul Hastings Janofsky & Walker LLP
55 Second Street, Twenty–Fourth Floor
San Francisco, CA 94105–3441
(415) 856–7000
Fax: (415) 856–7100
Email: tomgeidt@paulhastings.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2011 | 1 | NOTICE OF REMOVAL (no process) from San Francisco Superior Court. Their case number is CGC 07–468417. (Filing fee $350; receipt number 34611056109). Filed by Bank of America, National Association. (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 2 | Declaration of Lori McCarthy Lopez in Support of 1 Notice of Removal filed by Bank of America, National Association. (Related document(s) 1 ) (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 3 | NOTICE OF PENDENCY of Other Action or Proceeding filed by Bank of America, National Association. (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 4 | Corporate Disclosure Statement pursuant to FRCP 7.1 filed by Bank of America, National Association. (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 5 | Certification and Notice of Interested Parties by Bank of America, National Association identifying Other Affiliate NB Holdings Corporation, Other Affiliate BAC North America Holding Company, Other Affiliate BANA Holding Corporation, Other Affiliate Bank of America Corporation for Bank of America, National Association. (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 6 | NOTICE of Related Cases by Bank of America, National Association. (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 7 | CERTIFICATE OF SERVICE by Bank of America, National Association re 5 Certificate of Interested Entities, 1 Notice of Removal, 6 Notice (Other), 3 Notice (Other), 4 Disclosure Statement, 2 Declaration in Support (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | 8 | ADR SCHEDULING ORDER: Case Management Statement due by 5/18/2011. Case Management Conference set for 5/25/2011 01:30 PM. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |
| 02/09/2011 | | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/10/2011) |

1  Dennis F. Moss - State Bar No. 77512
   Justian Jusuf - State Bar No. 201507
2  Spiro Moss Barness LLP
   11377 W. Olympic Boulevard, 5th Floor
3  Los Angeles, California 90064-1683
   Tel.: (310) 235-2468; Fax: (310) 235-2456
4  dennisfmoss@yahoo.com
   justian@spiromoss.com
5
6  Sahag Majarian II - State Bar No. 146621
   Law Office of Sahag Majarian II
7  18250 Ventura Boulevard
   Tarzana, California 91356
8  Tel.: (818) 609-0807; Fax: (818) 609-0892
   sahagii@aol.com
9
   Attorneys for Plaintiff
10 JORGE A. PINEDA

ENDORSED
FILED
San Francisco County Superior Court

OCT 22 2007

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

MAR 9, 1 2008 ~ 9:00 AM

DEPARTMENT 212

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO  CGC-07- 468417

| | |
|---|---|
| JORGE A. PINEDA, individually and on behalf of other persons similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; and DOES 1 through 50,<br><br>      Defendants. | **CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>1.  Failure To Pay Wages Timely Upon Termination In Violation Of Labor Code § 201 or 202<br><br>2.  Unfair Competition In Violation Of Bus. and Prof. Code §17200 |

**DEMAND FOR JURY TRIAL**

Plaintiff Jorge A. Pineda ("Plaintiff") on behalf of himself and all others similarly situated, complains and alleges as follows:

**INTRODUCTION**

1. This case arises out of the failure of defendant Bank of America, National Association (also referred to as "Bank of America") to pay its employees final wages within the time periods specified by Labor Code Sections 201 or 202. Instead of paying all final wages immediately upon discharge as required by Labor Code Section 201, immediately upon resignation as required by Labor

1  Code Section 202 when an employee gives at least 72 hours notice of resignation, or within 72 hours of

2  resignation when 3 day notice is not given, Bank of America pays final wages owing late, after the time

3  limitations imposed by Labor Code Sections 201 and 202.  For himself and other similarly situated

4  former employees of Bank of America, Plaintiff seeks damages for unpaid wages and continuation

5  wages under Labor Code Section 203 and restitution of owed and unpaid monies under Business and

6  Professions Code Section 17203.

7  **JURISDICTION AND VENUE**

8      2.    Venue is proper in the County of San Francisco because Defendant Bank of America,

9  National Association has not designated a principal place of business in California, and the employment

10  of many of the class members by Defendants, ended in San Francisco County.

11      3.    The California Superior Court has jurisdiction in this matter because Plaintiff is a

12  resident of California and Bank of America is qualified to do business in California and regularly

13  conducts business in California.  Further, there is no federal question at issue as the claims herein are

14  based solely on California law.

15  **THE PARTIES**

16      **A.**    **The Plaintiff**

17      4.    Plaintiff was employed by Defendant Bank of America within the three year period

18  preceding the filing of the Complaint in Los Angeles County, California.  Plaintiff gave Bank of

19  America two weeks advance notice of his resignation, which occurred on May 11, 2006.  Bank of

20  America did not pay him his final pay until May 15, 2006.

21      5.    Plaintiff seeks to represent similarly situated former employees of Bank of America (the

22  "Class," described more fully in paragraph 9 below) who, like Plaintiff, were not paid their final wages

23  timely upon termination of employment.

24      **B.**    **Defendants**

25      6.    Bank of America, National Association ("Bank of America") is, and at times referenced

26  herein, was a corporation organized and existing under the laws of the United States of America.  Bank

27  of America is licensed and qualified to do business in the State of California.   Bank of America

28  operates banks at numerous locations in the State of California.  It is the former employer of Plaintiff

1    and other members of the Class.  Bank of America breached the legal obligations described herein.

2         7.    Plaintiff is ignorant of the true names, capacities, relationships and extent of

3    participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, but is

4    informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful

5    conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiff will

6    amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

7         8.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all

8    respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

9    business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

10   attributable to the other Defendants.

11   **CLASS ACTION ALLEGATIONS**

12        9.    Plaintiff brings this action on behalf of himself and all other similarly situated persons as

13   a class action pursuant to Code of Civil Procedure Section 382.  The members of the Class are defined

14   as follows:

15        All persons whose employment with Bank of America in California ended during the
          period beginning four years prior to the filing of this action and ending on the date notice
16        of this lawsuit is mailed to the class, whose final wage payment occurred after their last
          date of employment.
17

18        10.   This action has been brought and may be maintained as a class action pursuant to Code

19   of Civil Procedure Section 382 because there is a well-defined community of interest among many

     persons who comprise a readily ascertainable class.
20
          a.    The Class members are so numerous that the individual joinder of all of them as
21
     plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiff at
22
     this time, Plaintiff is informed and believes and thereon alleges that there are not less than 5000
23
     Class members.  Therefore, joinder of all Class members as individual plaintiffs is impractical.
24
          b.    Common questions of law and fact exist as to members of the Class and
25
     predominate over any questions which affect only individual members of the Class.  These
26
     common questions include, but are not limited to:
27
          (1)   Did Bank of America violate Labor Code Section 201 or 202 by not
28

_____
COMPLAINT FOR DAMAGES AND RESTITUTION
3

1                 paying Class members wages due upon separation from employment in a

2                 timely manner?

3       (2)     Is Bank of America liable to Class members for continuation wages under

4                 Labor Code Section 203?

5       (3)     Did Bank of America violate the Unfair Competition Law, Business and

6                 Professions Code Section 17200, *et seq.*, by its unlawful practices as

7                 alleged herein?

8       (4)     Is Bank of America liable to Class members for restitution under

9                 Business and Professions Code Section 17203?

10      (5)     Are Class members entitled to attorney's fees?

11      (6)     Are Class members entitled to interest?

12     c.     Plaintiff is a member of the Class, and his claim is typical of the claims of the

13 other Class members. Plaintiff is informed and believes and thereon alleges that Bank of

14 America has a policy or practice of not timely paying Class members final wages due upon the

15 end of their employment.

16     d.     Plaintiff will adequately and fairly protect the interests of the members of the

17 Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is

18 represented by legal counsel who has substantial class action experience in civil litigation and

19 employment law.

20     e.     A class action is superior to other available means for fair and efficient

21 adjudication of the claims of the Class and would be beneficial for the parties and the court.

22 Class action treatment will allow a large number of similarly situated persons to prosecute their

23 common claims in a single forum, simultaneously, efficiently, and without the unnecessary

24 duplication of effort and expense that numerous individual actions would require. Further, the

25 monetary amounts due to many individual Class members are likely to be relatively small, and

26 the burden and expense of individual litigation would make it difficult or impossible for

27 individual members of the Class to seek and obtain relief. A class action will serve an important

28 public interest by permitting such individuals to effectively pursue recovery of the sums owed to

1    them. Further, class litigation prevents the potential for inconsistent or contradictory judgments

2    raised by individual litigation.

3         11.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

4    management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES TIMELY UPON TERMINATION

### (By Plaintiff and the Class against all Defendants)

8         12.    Plaintiff incorporates paragraphs 1 through 11 of this complaint as if fully alleged herein.

9         13.    At all relevant times, Plaintiff and the other members of the Class were former

10   employees of Bank of America covered by Labor Code Section 201 or 202.

11        14.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Class were

12   entitled, upon the end of their employment, with Bank of America to timely payment of their final

13   wages (i.e., all wages earned and unpaid prior to termination). Discharged employees were entitled to

14   payment of final wages immediately upon termination. Employees who resigned were entitled to

15   payment of final wages within 72 hours after resignation or, if they gave at least 72 hours previous

16   notice, they were entitled to payment of final wages at the time of resignation.

17        15.    Bank of America failed to pay Plaintiff and members of the Class final wages timely

18   upon separation from employment in accordance with Labor Code Section 201 or 202. Plaintiff is

19   informed and believes and thereon alleges that at all relevant times within the applicable limitations

20   period, Bank of America maintained a policy or practice of paying terminated employees their final

21   wages without regard for the time payment was due under Labor Code Section 201 or 202.

22        16.    Bank of America's failure to pay Plaintiff and members of the Class all wages earned

23   prior to separation from employment in accordance with Labor Code Sections 201 or 202 was willful.

24   Bank of America had the ability to pay final wages in accordance with Labor Code Sections 201 or 202,

25   but intentionally adopted policies or practices incompatible with the requirements of Labor Code

26   Sections 201 or 202.

27        17.    Pursuant to Labor Code Section 203, Plaintiff and members of the Class are entitled to

28   continuation of their wages, from the day their earned and unpaid wages were due upon separation until

1    paid, up to a maximum of 30 days.

2    18.    As a result of Bank of America's conduct, Plaintiff and members of the Class have

3    suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages

4    owed under Labor Code Section 203.

5    19.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and members of the Class are

6    entitled to recover the full amount of their continuation wages under Labor Code Section 203,

7    reasonable attorney's fees and costs of suit. Plaintiff and members of the Class are entitled to recover

8    interest on all due and unpaid wages and continuation wages under Labor Code Section 218.6 and Civil

9    Code Section 3287(a).

10    ## SECOND CAUSE OF ACTION

11    ## UNFAIR COMPETITION

12    **(By Plaintiff and the Class against all Defendants)**

13    20.    Plaintiff incorporates paragraphs 1 through 17 of this complaint as if fully alleged herein.

14    21.    The unlawful conduct of Bank of America alleged herein constitutes unfair competition

15    within the meaning of Business and Professions Code Section 17200. Due to its unfair and unlawful

16    business practices in violation of the Labor Code, Bank of America has gained a competitive advantage

17    over other comparable companies doing business in the State of California that comply with their

18    obligations to pay employees final wages timely upon termination as required by law.

19    22.    As a result of Bank of America's unfair competition as alleged herein, Plaintiff and

20    members of the Class have suffered injury in fact and lost money or property. Plaintiff and members of

21    the Class were deprived of their rights to timely payment of final wages in accordance with Labor Code

22    Section 201 or 202 and were not paid continuation wages owed to them under Labor Code Section 203.

23    23.    Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the

24    Class are entitled to restitution of all the unpaid continuation wages and interest thereon rightfully

25    belonging to them that Bank of America failed to pay them and wrongfully retained for itself by means

26    of its unlawful and unfair business practices. Plaintiff and members of the Class have a vested property

27    interest in the continuation wages that Bank of America was legally required to pay to them.

28    24.    Plaintiff and members of the Class are entitled to recover reasonable attorney's fees in

1   connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5,

2   the substantial benefit doctrine and/or the common fund doctrine.

3                             **PRAYER FOR RELIEF**

4       WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for relief

5   and judgment against Defendants as follows:

6       A.    An order that the action be certified as a class action;

7       B.    An order that Plaintiff be appointed representative of the Class;

8       C.    An order that counsel for Plaintiff be appointed as counsel for the Class;

9       D.    Judgment in favor of Plaintiff and the Class and against Defendants;

10      E.    Damages in the form of continuation wages owing pursuant to Labor Code Section 203;

11      F.    Restitution of all monies rightfully belonging to them that Defendants failed to pay to

12             them and wrongfully retained for itself;

13      G.    Pre-judgment interest;

14      H.    Reasonable attorney's fees;

15      I.    Costs of suit; and

16      J.    Such other relief as the Court deems just and proper.

17

18   DATED: October 19, 2007           SPIRO MOSS BARNESS LLP

19

20                  By:                                  
                                JUSTIAN JUSUF

21                                    Attorneys for Plaintiff

22                         **DEMAND FOR JURY TRIAL**

23     Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

24

25   DATED: October 19, 2007           SPIRO MOSS BARNESS LLP

26                  By:                                  
                                JUSTIAN JUSUF

27                                    Attorneys for Plaintiff

28

ENDORSED
FILED
San Francisco County Superior Court

NOV 0 1 2007

GORDON PARK-LI, Clerk
BY: _____
WESLEY RAMIREZ
Deputy Clerk

1   Dennis F. Moss – State Bar No. 77512
    Justian Jusuf – State Bar No. 201507
2   Spiro Moss Barness LLP
    11377 W. Olympic Boulevard, 5th Floor
3   Los Angeles, California 90064-1683
    Tel.: (310) 235-2468; Fax: (310) 235-2456
4   dennisfmoss@yahoo.com
    justian@spiromoss.com
5
    Sahag Majarian II – State Bar No. 146621
6   Law Office of Sahag Majarian II
    18250 Ventura Boulevard
7   Tarzana, California 91356
    Tel.: (818) 609-0807; Fax: (818) 609-0892
8   sahagii@aol.com
9   Attorneys for Plaintiff
    JORGE A. PINEDA

10
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
11
                             COUNTY OF SAN FRANCISCO
12
    JORGE A. PINEDA, individually and on   )   Case No. CGC 07-468417
13  behalf of other persons similarly situated, )
                                            )   CLASS ACTION
14                          Plaintiff,      )
                                            )   APPLICATION FOR APPROVAL OF
15          vs.                             )   COMPLEX LITIGATION
                                            )   DESIGNATION; POINTS AND
16  BANK OF AMERICA, NATIONAL              )   AUTHORITIES IN SUPPORT OF
    ASSOCIATION; and DOES 1 through 50,    )   APPLICATION; DECLARATION OF
17                                          )   DENNIS F. MOSS WITH COMPLAINT
                            Defendants.     )   (EX A)
18                                          )
                                            )   [Pursuant to General Order Re: Procedure
19                                          )   for Approval of Complex Litigation
                                            )   Designation]
20  _____     )

21

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23  Plaintiff, individually and on behalf of all others similarly situated, will, and hereby does, apply to this

24  Court for Complex Designation of this matter, pursuant to San Francisco Superior Court General Order

25  Re: Procedure for Approval of Complex Litigation Designation, and pursuant to California Rules of

26  Court Rule 3.400 et seq. This Application to Deem Case Complex is made on the grounds that this

27  action satisfies the requirements for complex treatment under CRC 3.400 et seq. and should thus be

28  transferred to one of the Complex Departments of this Court. Specifically, as demonstrated in the

FILED BY FAX

1  Dennis F. Moss - State Bar No. 77512
   Justian Jusuf - State Bar No. 201507
2  Spiro Moss Barness LLP
   11377 W. Olympic Boulevard, 5th Floor
3  Los Angeles, California 90064-1683
   Tel.: (310) 235-2468; Fax: (310) 235-2456
4  dennisfmoss@yahoo.com
   justian@spiromoss.com
5
   Sahag Majarian II - State Bar No. 146621
6  Law Office of Sahag Majarian II
   18250 Ventura Boulevard
7  Tarzana, California 91356
   Tel.: (818) 609-0807; Fax: (818) 609-0892
8  sahagii@aol.com

9  Attorneys for Plaintiff
   JORGE A. PINEDA

10

                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
                        **COUNTY OF SAN FRANCISCO**
12

13 JORGE A. PINEDA, individually and on      ) **Case No. CGC 07-468417**
   behalf of other persons similarly situated, )
14                                             ) **CLASS ACTION**
                            Plaintiff,         )
15                                             ) **APPLICATION FOR APPROVAL OF**
        vs.                                    ) **COMPLEX LITIGATION**
16                                             ) **DESIGNATION; POINTS AND**
   BANK OF AMERICA, NATIONAL                   ) **AUTHORITIES IN SUPPORT OF**
   ASSOCIATION; and DOES 1 through 50,         ) **APPLICATION; DECLARATION OF**
17                                             ) **DENNIS F. MOSS WITH COMPLAINT**
                            Defendants.        ) **(EX A)**
18                                             )
                                               ) **[Pursuant to General Order Re: Procedure**
19                                             ) **for Approval of Complex Litigation**
                                               ) **Designation]**
20

21

22      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 Plaintiff, individually and on behalf of all others similarly situated, will, and hereby does, apply to this

24 Court for Complex Designation of this matter, pursuant to San Francisco Superior Court General Order

25 Re: Procedure for Approval of Complex Litigation Designation, and pursuant to California Rules of

26 Court Rule 3.400 et seq.  This Application to Deem Case Complex is made on the grounds that this

27 action satisfies the requirements for complex treatment under CRC 3.400 et seq. and should thus be

28 transferred to one of the Complex Departments of this Court.  Specifically, as demonstrated in the

                  APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION
                                              1

1  attached Memorandum of Points and Authorities, this is an action that requires exceptional judicial

2  management to avoid placing unnecessary burdens on the Court or the litigants and to expedite, and

3  promote effective decision making by the Court, the parties, and counsel.

4      This Application is based on the accompanying Memorandum of Points and Authorities,

5  Declaration of Dennis F. Moss and the Complaint (Ex. "A" to the Declaration).

7  Dated: November 1, 2007            SPIRO MOSS BARNESS LLP

9                                     By: _____

10                                         DENNIS F. MOSS
                                           Attorney for Plaintiff Jorge A. Pineda

12             **MEMORANDUM OF POINTS AND AUTHORITIES**

14  **I.    INTRODUCTION AND STATEMENT OF FACTS**

15      On October 22, 2007, Plaintiff filed a Class Action Complaint against Defendants Bank

16  of America National Association, and Does 1-50 (collectively, Defendants) claiming that each

17  was his former employer. (Moss Dec. Ex. "A").[1]  The Complaint alleges the "Employers"

18  violated California Labor Code §201 and §202 as to putative class members, by failing to

19  timely pay them at the conclusion of their employment.  It seeks, as a remedy, one day's wages

20  for each day the wages were late, up to a maximum of 30 days pursuant to Labor Code §203.

21      Plaintiff worked for Defendants, when, in 2006 he gave Defendants two weeks notice of

22  his resignation, which occurred on May 11, 2006 (Complaint Pg. 2 Par. 4).  Plaintiff claims that

23  the end of his Bank of America employment triggered an obligation, on the part of Bank of

24  America, to pay him immediately pursuant to Labor Code §202 *et seq.*  However, Plaintiff

25  contends, he was not paid in a timely fashion as required by Labor Code §202 *et seq.*

26  (Complaint Par. 4 alleging Plaintiff was paid 4 days after his last day of work)  Accordingly,

28      [1]Per the Court's standing order, a copy of the Application attached will be delivered to
Department 304 with the Complaint.

1  pursuant to Labor Code §203, Plaintiff claims entitlement to waiting time penalties of one day

2  of wages for each day his last check was late until the day he received his final wages, up to a

3  maximum of 30 days.

4       Plaintiff contends that Defendant Bank of America, with very few exceptions, has a final

5  pay custom and practice of failing to pay final wages of employees whose work ends in

6  California, within the time parameters of Labor Code §§201 and 202. Rather, as a matter of

7  practice, such persons receive their pay late. Complaint Par. 12-19. Plaintiff contends this

8  results in consistent late payment of final wages to class members, more than three days after

9  the end of their work for Bank of America, and thus necessarily results in violations of Labor

10  Code §§201 and 202.

11       There are tens of thousands of potential former Bank of America employee class

12  members who had been employed by Bank of America throughout the state of California at the

13  time their employment ended.

14

15  **II.    THE APPLICABLE RULES REGARDING COMPLEX LITIGATION**

16       California Rule of Court 3.400 states, "A 'complex case' is an action that requires

17  exceptional judicial management to avoid placing unnecessary burdens on the court or the

18  litigants and to expedite the case, keep costs reasonable, and promote effective decision making

19  by the court, the parties, and counsel." CRC 3.400(a).

20       CRC 3.400(b) delineates the factors used to determine if an action is complex, "[A]mong

21  other things [the court shall consider] whether the action is likely to involve: (1) Numerous

22  pretrial motions raising difficult or novel legal issues that will be time consuming to resolve; (2)

23  Management of a large number of witnesses or a substantial amount of documentary

24  evidence;... (5) Substantial postjudgment judicial supervision."

25       Finally, this case is provisionally complex as a putative class action case. CRC

26  3.400(c)(6) specifically provides that "an action is provisionally a complex case, if it involves...

27  claims involving class actions..."

28       Each of the statutory provisions cited above applies here, and illustrates why this case

APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION

1   should be deemed complex.

2   **III.     FACTUAL CONTEXT**

3         Per a web search, Bank of America employs over 175,000 associates world-wide.  In a

4   Los Angeles Times article date October 7, 2004, it was reported that Bank of America

5   employed 40,000 people in California.  This case covers a period commencing October 2003.

6   If only 20% of the work force left in any calendar year for four years, the class size would be

7   32,000, for three years 24,000. (Moss Dec. Par. 3)

8         The management of thousands of corporate records will be necessary.  There will be

9   records as to each putative class member regarding last day worked, pay rates at the end of

10  employment, date of last pay (including vacation checks), and designation of termination or

11  resignation.  As to some, there will be records of notice of resignation.  (Moss Dec. Par. 4)

12

13  **IV.     ARGUMENT**

14        **1.     Exceptional Judicial Management to Promote Effective Decision Making by**

15  **the Court:**  This action should be deemed complex so as to avoid placing unnecessary burdens

16  on the parties and the Court, and in order to expedite and efficiently handle the present matter.

17  The complex courts in this state were designed for cases such as this, with tens of thousands of

18  potential class members and complex common legal issues and significant evidence

19  management issues.

20

21        **2.     Motion Practice, Pursuant to CRC 3.400(b)(1):**  In the present litigation,

22  Plaintiff expects numerous pretrial motions involving discovery, a motion for class certification

23  with perhaps separate motions for class certification of discrete legal issues and/or factual

24  issues, cross-motions on threshold legal issues that may not be suitable for traditional summary

25  adjudication procedures, motions for summary judgment, motions in limine, among others.

26  Plaintiff anticipates that discovery will require Court supervision of sampling approaches.

27  (Moss Dec. Par. 5).

28        The nuances of the law, the amount of law and motion practice, and the unique nature of

1  this litigation alone warrants designation of this case as complex.

3  **3.     Witnesses and Documents, Pursuant to CRC 3.400(b)(2):** Plaintiff expects to
4  depose dozens of percipient witnesses and persons most knowledgeable from locations
5  throughout the state regarding processing of final pay policies and practices. Plaintiff also
6  anticipates surveying putative class members on notice of resignation and other end of work and
7  pay issues. Moreover, because this litigation involves thousands of days of alleged Labor Code
8  §203 penalties, we expect that the documentary and record entry evidence will be quite
9  extensive, quite possibly involving in excess of 100,000 data entries and/or documents. (Moss
10  Dec. Par. 6).

11       These facts also are enough to satisfy the requirements for complex litigation under the
12  applicable Rules of Court, and certainly, combined with the above sections, satisfy the
13  requirements for complex treatment.

15  **4.     Postjudgment Supervision, Pursuant to CRC 3.400(b)(5):** At the end of this
16  litigation, because this is a putative class action with a very large proposed class, whose
17  interests the courts are entrusted to protect and supervise, it is likely that if a class action is
18  certified and/or a class action settlement (whether pre-certification or post-certification) occurs,
19  the Court will likely have to supervise the parties and the claims administrator to ensure that
20  they carry out their duties, so that the class members' rights and interests are protected.

22  **5.     Class Action, Pursuant to CRC 3.400(c):** This case is pled as a class action and
23  therefore is presumptively and provisionally complex. When combined with the elements set
24  forth in CRC 33.400(b), as discussed above, it is clear that this case warrants complex
25  treatment.

26
27
28

## V. CONCLUSION

For all the foregoing reasons the court should deem this litigation complex.

Dated: November 1, 2007

SPIRO MOSS BARNESS LLP

By: _____

DENNIS F. MOSS
Attorney for Plaintiff Jorge A. Pineda

## DECLARATION OF DENNIS F. MOSS

I, DENNIS F. MOSS, declare:

1.     I am a partner with the law firm Spiro Moss Barness LLP, counsel along with the Law Office of Sahag Majariann II for Jorge A. Pineda in *Pineda v. Bank of America et al.* San Francisco Case No. CGC 07-468417. This declaration is submitted in support of Application for Approval of Complex Litigation Designation.

2.     Attached hereto as Exhibit A and incorporated herein by this reference is the Complaint on file with the Court. As set forth in the Complaint, this action involves one of California's largest employer's practice of not paying people who leave its employment in conformity with the requirements of Labor Code section 201 and 202.

3.     I did an internet search regarding Defendant Bank of America. Per what I was able to ascertain from the internet it employs over 175,000 people worldwide. In a Los Angeles Times article dated October 7, 2004, it was reported that Bank of America employed 40,000 people in California. This case covers a period commencing October 2003. If only 20% of the work force left in any calendar year, the class size would be projected to be approximately 32,000 people for a four year period, and 24,000 people for a three year period.

4.     As an attorney who has litigated a number wage and hour class actions, and given what I know about the allegations in this case, I suspect that there will be thousands of corporate records that will need management. In similar cases, Defendants produced records

---

APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION

6

1   establishing the last day worked of class members, records of pay rates at the end of class

2   members employment, the dates of final wage payments (by check or direct deposit), and

3   records of discharge (layoffs or terminations subject to Labor Code section 201) or resignations

4   (subject to Labor Code section 202). Records of "notice of resignation" may also have to be

5   managed and examined.

6        5.    I anticipate a number of potential pre-trial motions involving discovery,

7   the propriety of issue certification, class certification, sampling approaches, and possible

8   threshold issue motions.

9        6.    I anticipate the need to depose dozens of percipient witnesses and PMK's

10   throughout California. Additionally it will probably be necessary to serve class members on

11   "notice of resignation" and other end of work pay issues. If the case is resolved, the Court

12   would have to oversee the management of the case through the notice process, administration

13   process, and post judgment compliance process.

14        7.    I believe that this case and the Courts would clearly benefit from a complex

15   designation.

16

17       I declare under penalty of perjury under the laws of the State of California that the

18   foregoing is true and correct.

19       Executed this 1st day of November, 2007 at Los Angeles, California.

20

21

22   Dennis F. Moss

23

24

25

26

27

28