**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    JORGE A. PINEDA, individually and on              No. C 11-00606 WHA
      behalf of other persons similarly situated,
11
12              Plaintiff,
                                                        **ORDER REMANDING ACTION**
13        v.                                            **TO STATE COURT**

14    BANK OF AMERICA, N.A.,

15              Defendant.
                                                  /
16

17                              **INTRODUCTION**

18        In this 2007 suit concerning late wage payments, plaintiff moves to remand, arguing

19    removal was untimely.  Defendant argues that this action only became eligible for removal

20    recently.  This order disagrees.  Plaintiff's motion is **GRANTED**.

21                               **STATEMENT**

22        Plaintiff Jorge Pineda filed this alleged class action on October 22, 2007.  Plaintiff's

23    complaint states that he was employed by defendant Bank of America, that he resigned on May

24    11, 2006, and that defendant did not pay him his final wages until May 15, 2006 (First Amend.

25    Compl. ¶ 4).  On this basis and based on his allegation that defendant had a "policy or practice of

26    not paying final wages timely upon termination" (*id.* at ¶ 10(c)), plaintiff alleges that defendant

27    violated California Labor Code Sections 201 and 202, and he seeks penalties under Section 203,

28    on behalf of himself and others similarly situated.

          Plaintiff's original complaint, the one filed in 2007, asserted a class definition as follows:

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> All persons whose employment with Bank of America in California ended during the period beginning four years prior to the filing of this action and ending on the date notice of this lawsuit is mailed to the class, whose final wage payment occurred after their last date of employment.

The parties agree that based on a four-year statute of limitations, there would be a sufficient amount in controversy given the quantity of class members to reach at least the five million dollar threshold under the Class Action Fairness Act. *See* 28 U.S.C. 1332(d). The parties agree that other elements of CAFA jurisdiction are met. Despite the fact that the original complaint clearly stated a four-year statute of limitations, however, defendant did not remove the case in 2007. Defense counsel now states: "Because the *McCoy* decision provided a one-year statute of limitations on the claims Plaintiff raises in his Complaint, leaving the Bank without sufficient matter in controversy with which to remove, the Bank answered the Complaint on December 4, 2007, but did not remove it" (Audero Decl. ¶ 5).

The *McCoy* decision just referred to is *McCoy v. Kimco Staffing Services, Inc.* At the time the complaint in the instant action was filed, a judge in Superior Court in Orange County had held in the *McCoy* action that penalties under Labor Code Section 203 were subject to a one-year statute of limitations (*id.* Exh. A). Therefore, on this basis alone, defendant herein elected to not remove this action. The parties agree that a one-year statute of limitations would yield an amount in controversy below the CAFA jurisdictional threshold. A petition for writ of mandate of the *McCoy* decision was denied by the California Court of Appeal after the instant complaint was filed but just before the time for removal expired, based on the date the complaint was served (*id.* Exh. B).

Returning to our case, defendant moved for judgment on the pleadings in April 2008, arguing that a one-year statute of limitations barred plaintiff's case, as he ended employment with defendant over one year before the complaint was filed. That motion was granted, and the complaint was dismissed without leave to amend (*id.* Exh. C). The California Court of Appeal affirmed dismissal (*id.* Exh. D). On November 18, 2010, the California Supreme Court reversed the decision of the Court of Appeal and remanded the action (*id.* Exh. E). The Supreme Court held that the relevant statute of limitations for Section 203 penalties is *three* years. Its decision abrogated the *McCoy* decision. *Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1398 (2010).

1    This action was remitted to the Superior Court on January 10, 2011 (Audero Decl. Exh.

2  G). Defendant filed its notice of removal on February 9, 2011. Plaintiff promptly moved to

3  remand.

4    Seemingly as background, defendant raises the existence of a multidistrict litigation

5  proceeding in the District of Kansas before the Honorable John W. Lungstrum, called *In Re: Bank*

6  *of America Wage and Hour Employment Practices Litigation*, 2:10-md-02138-JWL-KGS.

7  Defense counsel filed a notice of potential tag-along of this action to the MDL in Kansas the day

8  after removal (*see* Dkt. No. 9), but the clerk of the judicial panel on multidistrict litigation

9  determined that this action is *not* appropriate for inclusion in the MDL on February 14 (Audero

10  Decl. Exh. Q). MDL plaintiffs' counsel have sought review of that decision, but plaintiff herein

11  opposes consolidation of this action with the MDL, and the panel has not taken any further action

12  on MDL plaintiffs' counsel's request (*id.* Exh. R and S).

13    The current motion for remand solely concerns whether removal was timely. Plaintiff

14  argues that defendant waived removal in 2007, because it was apparent from the face of the

15  original complaint that the CAFA jurisdictional requirements for federal removal jurisdiction

16  were met. Defendant contends that in 2007 the amount in controversy did not exceed five million

17  dollars, but that after the Supreme Court's decision "expanded" the applicable statute of

18  limitations, the amount-in-controversy threshold was met, thus rendering removal appropriate for

19  the first time in 2011. Again, the parties agree that if the statute of limitations for plaintiff's claim

20  were one year, the amount in controversy would *not* amount to the five million dollars required

21  by CAFA, but they also agree that if the statute of limitations were three or four years, the amount

22  in controversy *would* exceed five million dollars. The parties agree the other CAFA requirements

23  are met.

**ANALYSIS**

25    "If at any time before final judgment it appears that the district court lacks subject matter

26  jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). The "'strong presumption' against

27  removal jurisdiction means that the defendant always has the burden of establishing that removal

28  is proper," and all ambiguity is resolved in favor of remand to state court. *Gaus v. Miles, Inc.*,

1    980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  In determining the presence or absence of

2    federal jurisdiction, we apply the "'well-pleaded complaint rule,' which provides that federal

3    jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

4    pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

5        A notice of removal must be filed within 30 days after receipt of the first pleading in the

6    state action that sets forth a removable claim.  Where removability is uncertain, the 30-day period

7    is measured from the point at which defendant had notice that the action is removable.  28 U.S.C.

8    1446(b).  To trigger the 30-day removal period, the facts supporting removal must be evident on

9    the face of the complaint.  Removability is "*determined through examination of the four corners*

10   *of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry*."

11   *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added).

12       In our case, defendant states that the original complaint was *not* removable *because* it

13   made further inquiry of its own accord.  That is, as opposed to the defendant in *Harris* who did

14   not want to be held responsible for making further inquiry within the first 30 days after the

15   complaint's filing, defendant in our case says: we want to be given credit for making further

16   inquiry and concluding on our own that the amount in controversy could not have been as high as

17   the complaint stated because the statute of limitations pled therein was too long under the law.

18   Defendant wants to be allowed to remove now because it claims to have done extra-credit

19   homework when the complaint was filed.  But the removal statute does not tolerate such after-the-

20   fact excuses, a path that would lead to undue satellite litigation over the defense motives and

21   rationales for inaction.  Once again, the law looks at *the four corners of the applicable pleadings*.

22   *See also Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) ("it is clear that the

23   existence of federal jurisdiction is to be determined solely by an examination of the plaintiff's

24   case, without recourse to the defendant's pleadings").

25       The relevant pleading in this case was the original complaint filed in state court in 2007.

26   That complaint alleged a class definition as follows (emphasis added):

27       All persons whose employment with Bank of America in California ended during
         the period beginning *four* years prior to the filing of this action and ending on the
28       date notice of this lawsuit is mailed to the class, whose final wage payment
         occurred after their last date of employment.

4

United States District Court

For the Northern District of California

1    The parties agree that a four-year statute of limitations period yields an amount in controversy

2    over the five million dollar threshold.  It is obvious from this passage that the four corners of the

3    applicable pleading stated a four-year statute of limitations period.  *Defendant does not contend*

4    *otherwise.*  Hence, the time for removal expired in 2007, and defendant waived its right to remove

5    by failing to do so then.

6           Defendant cites *Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529 (9th Cir. 1980), for

7    the proposition that to determine whether a case was properly removed, a federal court must look

8    to state law to determine whether a state claim is justiciable under that law.  On this basis,

9    defendant argues that, "had the Bank removed [the original complaint]," the case would have

10   been remanded because "the Bank was bound under *Christensen* to calculate the matter in

11   controversy under a one-year, rather than four-year, period" (Opp. 13).  *Christensen*, however, is

12   not applicable to our current situation.  The court of appeals in *Christensen* affirmed a summary

13   judgment order that *dismissed* the action for failure to meet the amount-in-controversy

14   requirement.  Here, in contrast, we are dealing with *removal jurisdiction*.  State law is, of course,

15   applicable to determining the merits of plaintiff's claims, but, as already discussed, it is not the

16   source for divining whether removal jurisdiction exists; the complaint is.

17          Defendant argues that plaintiff's reliance on *Reisman v. New Hampshire Fire Insurance*

18   *Co.*, 312 F.2d 17, 19 (5th Cir. 1963), and *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303

19   U.S. 283, 292 (1938), is misplaced.  Defendant argues that these decisions are inapplicable

20   because they held that subsequent trial court rulings do not retroactively affect the initial

21   removability of a case.  In other words, as opposed to in the instant matter, the cases were

22   removed to federal court at the outset but a subsequent trial court ruling failed to require remand.

23   Defendant therefore asserts "game, set, and match" for its position, because these cases do not

24   present the precise procedural posture that we have here.  Defendant ignores, however, that these

25   decisions rely on the above-recited principle that removability depends on the applicable

26   pleadings and that here examination of those pleadings shows that defendant waived removal in

27   2007.

28

**United States District Court**
For the Northern District of California

5

United States District Court

For the Northern District of California

1          Similarly, defendant argues that plaintiff's reliance on *Rafiqzada v. U.S. Bank National*

2    *Association*, No. 02-cv-3316, 2002 WL 31430319, *3 (N.D. Cal. Oct. 29, 2002) (Illston, J.), is

3    also misplaced.  Again, defendant argues that *Rafiqzada* is inapplicable because it involved a

4    different procedural posture from our case.  In *Rafiqzada*, defendant removed after the California

5    Supreme Court had confirmed that plaintiff could maintain the claims stated in the complaint, and

6    the district court held that removal was untimely because "the same facts that formed the basis for

7    defendants' assertion of removal jurisdiction . . . were pled in the complaint . . . when it was

8    filed."  *Ibid.*  Defendant is correct that the facts of this case are not exactly the same, because here

9    the California Supreme Court adjusted slightly the governing statute of limitations from what was

10   pled in the original complaint — adjusting downward from four years to three years.  Regardless,

11   both in 2007 and now the CAFA jurisdictional requirements were met.  The California Supreme

12   Court's decision didn't change that.  *Rafiqzada* is persuasive in that there, as here, removal was

13   untimely because regardless of what the state court had held, removal was dependant on what was

14   originally *pled.*  As what was originally pled made the case originally eligible for removal,

15   defendant waived its right to remove by failing to do so.

16          In the end, defendant fails to present any decision that supports its view that in 2007

17   removability of this action depended on what the *McCoy* decision said rather than on what was

18   pled in the complaint.  The parties in this action spent three years litigating what the statute of

19   limitations should be as applied here.  The idea that defendant should have been entitled to make

20   removability dependent on its own view of that issue runs contrary to basic principles.  Basic

21   principles dictate that the complaint was what mattered, and the complaint pled a four-year statute

22   of limitations, which defendant concedes meets the amount-in-controversy requirement.

23   Defendant thus waived its right of removal in 2007.

24          If a defendant does not file a notice of removal before the removal period runs out, that

25   defendant has waived the right to remove.  Subsequent voluntary changes by plaintiff creating a

26   new basis for removal do not change the waiver: "Changes to a complaint that create a new basis

27   for removal do not undo the original waiver.  If a case is removable from the outset, it must be

28   removed within the initial thirty-day period specified by § 1446(b); subsequent events do not

6

United States District Court
For the Northern District of California

1   make it 'more removable' or 'again removable.'" *Samura v. Kaiser Found. Health Plan, Inc.*,

2   715 F. Supp. 970, 972 (N.D. Cal. 1989) (Schwarzer, J.) (citation and internal quotation marks

3   omitted). The parties agree with this principle. As defendant waived its right to remove this

4   action in 2007, the fact that plaintiff filed a first amended complaint recently does not make the

5   action removable now.

6       Because this order finds remand appropriate for the foregoing reasons, it need not address

7   plaintiff's alternative argument that removal was untimely even if the recent California Supreme

8   Court decision in this matter triggered eligibility for removal.

9                           *                   *                   *

10      Plaintiff also moves for attorney's fees, in the amount of $14,000, incurred in seeking

11  remand of this action back to state court (*see* Karasik Decl. ¶¶ 4–5 and Supp. Decl. ¶ 2). "An

12  order remanding [a] case may require payment of just costs and any actual expenses, including

13  attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). Under the circumstances

14  of this case, this order does not find it appropriate to award attorney's fees. Accordingly,

15  plaintiff's motion for attorney's fees is **DENIED**.

16                              **CONCLUSION**

17      For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. The hearing on

18  April 7, 2011, is **VACATED**. The Clerk shall remand this action to the Superior Court of

19  California, County of San Francisco.

20

21      **IT IS SO ORDERED.**

22

23  Dated: March 28, 2011.

24                                        WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

25

26

27

28

7